# EXHIBIT B

ATL01/11805209v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                      *Plaintiff,*

-against-

OLYMPIA MORTGAGE CORPORATION
and LIEB PINTER,

                      *Defendants.*
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ NOV 30 2004 ★

BROOKLYN OFFICE

04-4971 (NG)(CLP)

A TRUE COPY
ATTEST
DATED DEC 07 2004
ROBERT C. HEINEMANN
BY ................................
          DEPUTY CLERK

## CONSENT ORDER FOR THE APPOINTMENT OF A RECEIVER

WHEREAS, Plaintiff Federal National Mortgage Association ("Fannie Mae"), has brought an action against Defendants Olympia Mortgage Corporation ("Olympia") and Lieb Pinter for breach of contract, fraud and appointment of a receiver; and

WHEREAS, on November 16, 2004, Fannie Mae filed a Motion for a Preliminary Injunction supported by the affidavits of Joseph Sakole, Eugene R. Licker, Esq., and exhibits attached thereto seeking the appointment of a receiver for Olympia; and

WHEREAS, on that same date, this Court issued an Order to Show, ordering Defendants to show cause why the appointment of a receiver should not be granted; and

WHEREAS, in the interim, the parties have reached an agreement and stipulate to the appointment of a receiver.

**NOW, THEREFORE,**

Karen Kincaid  (1)   **IT IS HEREBY ORDERED** that, pending further order of this Court, Balmer shall act as receiver for defendant Olympia and the property thereof. The persons, entities, and property for which the receiver shall act as receiver, as well as any and all

parents, subsidiaries, alter egos, and affiliates of each, are referred to herein collectively as "Olympia." The receiver shall be empowered to:

    A. take and retain immediate possession, custody, and control of all assets and property and the books and records of original entry of Olympia, and all Olympia's rights and powers with respect thereto, including, without limitation, all assets, funds, or other properties (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of Olympia, currently held by it or under its control, whether held in its name or for its direct or indirect beneficial interest wherever situated, and inform each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds, or other properties of Olympia of this Order;

    B. take all steps he deems necessary to secure and protect the assets and property of the Olympia, including, but not limited to, the premises, files, and information systems;

    C. engage and employ persons, in his discretion, to assist him in carrying out his duties and responsibilities hereunder, including accountants, attorneys, securities and commodities traders, and other experts;

    D. acquire and retain all rights and powers which Olympia has to manage, control, operate and maintain their businesses (including, but not limited to, the power to direct, hire, suspend, and terminate personnel), and to possess, receive, or use income, earnings, rents, and profits with full power to commence, maintain, defend or participate in legal proceedings, to sue for, collect, receive and take into possession all goods, chattels, rights, general intangibles, choses in action, credits, monies, effects, lands, books and records of account, and other papers, including exclusive authority to make

expenditures on behalf of the Defendants, with a view to preventing loss, damage, and injury to public investors, and preserving assets and the records of Olympia, provided, however, that nothing herein shall preclude Olympia from defending itself in any litigation or prosecuting a counterclaim or third party claim in this action on its own behalf. The receiver shall treat the expenses of such defense or prosecution as a third party expense and shall submit for the Court's consideration any statements for such expense and shall pay such statements in accordance with the Court's order;

E. open and close bank accounts, securities accounts and commodities accounts; purchase or sell securities and commodities contracts in any such account of Olympia; and execute checks or otherwise disburse money from those bank or securities accounts of Olympia and its subsidiaries and affiliates to pay their obligations in the normal course of business; except, however, that pending further order of the Court, neither Olympia nor the receiver shall make any payments of principal or interest on accounts payable of securities issued by Olympia, or issued by any entity controlled Olympia, or make any payment or distribution to investors or holders of equity interests;

F. review the reports of transactions by Olympia, if any, and file with the Court a report regarding any transactions that appear not to be in the ordinary course of business;

G. conduct, in accordance with all applicable laws and regulations, any and all discovery which, in the opinion of the receiver, is necessary or advisable in order to fulfill his obligations or protect his rights hereunder, including, without limitation, to issue subpoenas for records and to compel testimony; and

3

    H.  take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application.

This order shall not impose upon the receiver or the receivership estate any liability or responsibility for the individual debts or liabilities, or for the defense or care of any defendant herein.

(2)    Olympia shall pay the reasonable costs, fees and expenses of the receiver incurred in connection with the performance of his respective duties described herein, in such manner and upon such terms as the Court may further order.

(3)    The receiver and all persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations hereunder shall not be liable for any act or omission of the receiver or such person, respectively, or any of their partners, employees, or agents, unless it shall be proven that the receiver or such other person acted in bad faith or failed to act in a circumstance where the receiver or such other person had a legal duty to do so.

(4)    Olympia shall turn over to Fannie Mae forthwith all books and records relating to loans sold to Fannie Mae and/or serviced by Olympia.

(5)    Olympia shall provide the receiver, within 10 days of the entry of this Order, a thorough list of all assets other than bank or securities account (providing location, value, and sufficient information to identify the asset); monthly statements for the period November 1, 1994 to the present for all bank, securities, and other accounts. Olympia represents that it does not regularly retain records prior to November 1997 but that it will make a good faith search.

(6)    Olympia shall provide to the receiver, within 10 days of the entry of this Order, all documentation and other information regarding any Mortgage Banker's Bond or other coverage in place and ordering that Olympia immediately make a claim (if one has not been made) under its Mortgage Banker's Bond, or any other applicable coverage, for the matters set forth in the Complaint in this action and

4

cooperate with the receiver in regard to the prosecution of such claim, including, without limitation, executing and delivering any documents or other materials required by the receiver;

(7) This Order shall be, and is, binding upon each of the Defendants and, pursuant to Federal Rule of Civil Procedure 65(d), each's officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

5

(8) Olympia has requested that the Court make the following clear:

(a) the legal rights of secured creditors are not in any way abridged by the Order;

(b) all parties will have all rights available under the Federal Rules of Civil Procedure to obtain discovery from the receiver; and

(c) nothing in the Order shall limit or abridge the rights of non-parties to commence or prosecute any action.

Dated: November 23, 2004
New York, New York

_____
United States District Judge

CONSENTED TO:

| | |
|---|---|
| William J. Unroch, Esq. | KIRKPATRICK & LOCKHART LLP |
| _____ | _____ |
| 140 West End Ave. | Eugene R. Licker (EL 0334) |
| 30th Floor | 599 Lexington Avenue |
| New York, New York 10023 | New York, New York 10022-6030 |
| (212) 496-9280 (phone) | (212) 536-3900 (phone) |
| (212) 496-9330 (fax) | (212) 536-3901 (fax) |
| *Attorney for Defendant* | *Attorneys for Plaintiff* |
| *Olympia Mortgage Corporation* | *Federal National Mortgage Association* |

6